UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### Case Number: 25-21851-CIV-MARTINEZ

LAROYCE ODOM,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

### ORDER DISMISSING 28 U.S.C. § 2254 PETITION AS TIME BARRED

**THIS CAUSE** came before this Court on Petitioner Laroyce Odom's *pro se* Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") (ECF. No. 1), challenging

his convictions and sentences in Case No. F13-5848 in the Eleventh Judicial Circuit in and for

Miami-Dade County, Florida.[1] This Court has undertaken its initial review of the Petition required

by Rule 4 of the Rules Governing Section 2254 Cases and concludes that the Petition should be

**DISMISSED** as time barred under 28 U.S.C. § 2244(d)(1).[2]

Rule 4 requires the district court to dismiss a section 2254 petition without ordering the

State to respond "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief." Rules Governing § 2254 Cases, R. 4. To survive Rule 4 review,

---

[1]    Pursuant to Federal Rule of Evidence 201, federal district courts may take judicial notice of online state court records. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). The online docket in Petitioner's state criminal case is available at: https://www2.miamidadeclerk.gov/cjis/CaseSearch.aspx (search case number "F-2013-005848").

[2]    The dismissal of a habeas petition as time bared is with prejudice and is a merits adjudication for purposes of successiveness. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007).

the petition "must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011)). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is not entitled to relief." *Id.* at 654 (internal quotation omitted).

Under Rule 4, "a district court may *sua sponte* dismiss a § 2254 petition if the petition's untimeliness is clear from the face of the petition itself." *Id.* at 654 (quotation and citation omitted). The petitioner must be given "notice and [an] opportunity to explain why his petition [i]s timely" prior to its dismissal as time barred. *Id.* at 655. In assessing the timeliness of the petition, the Court may take judicial notice of dates on online state court dockets pursuant to Federal Rule of Evidence 201.[3] *Id.* at 652–54. Here, it is evident from the face of the Petition itself that it is time barred.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for habeas petitions filed by state prisoners under § 2254. *See* 28 U.S.C. § 2244(d)(1). Under AEDPA, the limitations period shall run from the latest of—

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

---

[3]    In accordance with the Eleventh Circuit's instructions in *Paez*, the Court has included with this Order copies of the online docket sheets of Petitioner's circuit court and district court of appeal cases. *See Paez*, 957 F.3d at 653 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§§ 2244(d)(1)(A)–(D). Here, the relevant provision set forth above is sub-section (A). Petitioner does not assert that the State created an unconstitutional impediment to his filing the Petition, and his claims are not based on either a newly recognized constitutional right or a newly discovered factual predicate. Petitioner raises one ground: that the state trial court violated his due process rights when it failed to hold a *Williams* rule hearing prior to the State's introduction of *Williams* rule evidence at trial.[4] (Pet. at 2, ECF No. 1.) Petitioner contends that he "only discovered the constitutional significance of the trial court's failure to hold a *Williams* rule hearing several years after his conviction, when he was finally able to access legal resources and begin learning about relevant law." (*Id.*) But under section 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance.*" *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1157 (11th Cir. 2014) (emphasis in original) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance.")). Petitioner was clearly aware of the factual predicate of this claim—the state trial court's failure to hold a *Williams* rule hearing—at the time of his trial. Petitioner's failure to recognize the legal significance of this fact does not place his claim within the circumstances described in section 2244(d)(1)(D).

---

[4]     The "*Williams* rule," *see Williams v. State*, 110 So. 2d 654 (Fla. 1959), codified at Fla. Stat. § 90.404, provides that evidence of similar acts by the defendant, known as "collateral crime evidence," is admissible if relevant, except to prove bad character or propensity. *Id.* § 90.404(2)(a); *McLean v. State*, 934 So. 2d 1248, 1255 (Fla. 2006).

Thus, Petitioner had one year from the date on which his judgment became final to file a section 2254 petition. *See* § 2244(d)(1)(A). The date on which a judgment becomes final is the day that (1) direct review concludes or (2) the time for seeking such review expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012) (citing § 2244(d)(1)(A)). Petitioner was sentenced on May 24, 2017. *See State v. Odom*, No. F13-5848, Doc. 436 (Fla. 11th Cir. Ct. June 15, 2017). He filed a direct appeal, and the Third District Court of Appeal ("Third DCA") affirmed *per curiam* with a written opinion on May 8, 2019. *See Odom v. State*, 273 So. 3d 1122 (Fla. 3d DCA 2019). Petitioner did not seek discretionary review with the Florida Supreme Court, so his judgment became final on June 7, 2019—thirty days later—when the period for seeking discretionary review with the Florida Supreme Court expired. *See* Fla. R. App. P. 9.120(b); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"); *Cook v. Dixon*, No. 21-CV-14108-BB, 2022 WL 20582638, at *2 (S.D. Fla. Mar. 24, 2022) ("In Florida, if the appellate court affirms a conviction in a written or elaborated opinion, a petitioner may seek discretionary relief in the Florida Supreme Court. If discretionary review is not sought, the conviction becomes final when the 30-day period for seeking review in the Florida Supreme Court expires." (citation omitted)).

Under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled while a properly filed state post-conviction motion is pending. *See Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1235 (11th Cir. 2010). In other words, the one-year clock continues to tick during any gaps in the post-conviction review process. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). An application is "properly filed" when it is filed in accordance with state laws and rules governing such filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Here, the statute of limitations ran untolled for 76 days until August 22, 2019, when Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850.[5] *See Odom*, No. F13-5848, Doc. 524. The statute of limitations was then tolled until September 21, 2021, when the Third DCA issued its mandate affirming the denial of post-conviction relief. *See Odom v. State*, No. 3D21-1926 (Fla. 3d DCA Sept. 21, 2021). The statute of limitations then ran untolled for another 34 days until October 25, 2021, when Petitioner filed his second motion for post-conviction relief. *See Odom*, No. F13-5848, Doc. 599. The statute of limitations then remained tolled until, at the latest, February 8, 2022, when the state trial court denied Petitioner's motion for rehearing. *See id.*, Doc. 605.[6] The statute of limitations then ran untolled for 814 days until May 2, 2024, when Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). *See id.*, Doc. 606. Because the statute of limitations had run untolled for more than a year, this filing could not toll the statute of limitations. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a post-conviction motion cannot toll the AEDPA's limitations period after it has expired). Accordingly, more than a year of untolled time elapsed, and the Petition, filed on April 18, 2025, is untimely.

Petitioner acknowledges that his Petition is untimely, but he argues that he is entitled to equitable tolling. (Pet. at 3.) AEDPA's one-year limitation period "is subject to equitable tolling

---

[5]  "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (quotation omitted). Here, the stamp on the first page of the motion for post-conviction relief states that it was provided to prison authorities for mailing on August 22, 2019. *See* Order Denying Def.'s Mot. for Post-Conviction Relief, *Odom*, No. F13-5848, Doc. 581 at 11.

[6]  It is unclear from the record (a) the date on which this second motion for post-conviction relief was mailed; and (b) whether this motion was "properly filed." *See* Fla. R. Crim. P. 3.850(h) (providing that successive motions for post-conviction relief are generally prohibited). Nonetheless, this Court need not resolve these issues because, as noted above, there are other gaps in the post-conviction review process of over a year.

in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has established a two-part test for equitable tolling: the petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To show he is entitled to equitable tolling, "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).

Here, Petitioner argues that he has shown "extraordinary circumstances" because "for several years following [his] conviction, Petitioner was incarcerated without access to a law library or legal counsel. He relied on inadequate or misleading legal advise [sic], and was unaware of critical deadlines or legal remedies." (Pet. at 3.) The Eleventh Circuit has held, however, that an inmate's ignorance of deadlines, his reliance on prison law clerks, and his lack of counsel or access to a prison law library are not "extraordinary circumstances" warranting equitable tolling. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion"); *DeLeon v. Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) ("The lack of a legal education, the absence of legal counsel in this collateral context, and the resulting consequence of reliance upon a bilingual inmate law clerk [ ] do not excuse a failure to file a § 2254 petition in a timely fashion"); *Bland v. State*, No. 16-17144-J, 2017 WL 5668005, at *3 (11th Cir. Sept. 7, 2017) ("[O]ur caselaw is clear that an inadequate prison law library or limited access to the library or prison law clerks does not establish extraordinary circumstances for equitable tolling"). Therefore, Petitioner is not entitled to equitable tolling.

Finally, a petitioner may satisfy the "fundamental miscarriage of justice exception" to the

statute of limitations by making a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This exception, however, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make a credible showing of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has not presented any new evidence of his actual innocence. As mentioned, his sole claim concern's the trial court's failure to hold a *Williams* rule hearing. Accordingly, Petitioner cannot overcome the statute of limitations.

This Court may summarily dismiss the Petition, without affording Petitioner an additional opportunity to demonstrate timeliness, because Petitioner had sufficient "notice and [an] opportunity to explain why his petition was timely" when he filed his Petition. *Paez*, 947 F.3d at 655; *see also Williams v. Dep't of Corr.*, 824 F. App'x 914, 917 (11th Cir. 2020) ("Williams was provided notice and an opportunity to explain why his petition was timely, not only when he filed the petition itself but also when he filed his objections to the Report and Recommendation and his motion for rehearing on the district court's order"); *Silva-Martinez v. Fla. Dep't of Corr.*, 808 F. App'x 846, 848–49 (11th Cir. 2020) ("Mr. Silva-Martinez was provided ample notice and an opportunity to explain why his petition was timely, both in the petition itself and again when he was given the chance to respond to the R&R."). Because Petitioner addressed the time bar and equitable tolling in his Petition, he clearly had notice of the statute of limitations and an opportunity to explain why his Petition should not be dismissed as time barred. Therefore, summary dismissal is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 1), is **DISMISSED** as time barred.

2. No certificate of appealability shall issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Clerk shall **CLOSE** this case and mail a copy of this order, along with the attached state-court docket sheets, to Petitioner.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 day of April 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:

Laroyce Odom, *pro se*

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com